___



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: February 2, 2017**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   JAMIE LEE HOUSE and<br>         DOMITA TAWNEE HOUSE | CASE NO. 16-51076-KMS |
| DEBTORS | CHAPTER 13 |
| JAMIE LEE HOUSE and<br>DOMITA TAWNEE HOUSE | DEBTORS/PLAINTIFFS |
| V. | ADV. NO. 16-06026-KMS |
| CRAFT AUTO SALES, LLC and<br>BRAD J. CRAFT | CREDITORS/DEFENDANTS |

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on the Motion for Summary Judgment (Adv. Dkt. No. 16),[1]

filed by Plaintiffs Jamie Lee House and Domita Tawnee House. The Court took the motion under

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 16-06026-KMS, are cited as "Adv. Dkt. No. ___"; and (2) citations to docket entries in the main bankruptcy case, Case No. 16-51076-KMS, are cited as "Dkt. No. ___".

1

advisement without hearing. Having considered the motion, responses, and statutory and case law, the Court finds as follows:

## I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (G). Further, "[c]ivil contempt proceedings arising out of core matters are themselves core matters." *Mountain Am. Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 448 (10th Cir. 1990).

## II. Findings of Fact

Jamie Lee House and Domita Tawnee House previously filed bankruptcy in 2013. *See In re House*, No. 13-52177 (Bankr. S.D. Miss. filed Nov. 1, 2013). On February 20, 2014, the Houses purchased a 2006 Pontiac Grand Prix from Craft Auto Sales, LLC ("Craft Auto"), and Craft Auto maintained a security interest in the vehicle. Brad Craft is the owner of Craft Auto. On February 23, 2015, the Houses' Chapter 13 case was dismissed for non-payment. The Houses filed another Chapter 13 bankruptcy again a month later. *See In re House*, No. 15-50532 (Bankr. S.D. Miss. filed Mar. 30, 2015). On June 7, 2016, this case was also dismissed for non-payment. On June 23, 2016, Craft Auto repossessed its collateral. On June 27, 2016, the Houses filed their current bankruptcy case.[2] Dkt. No. 1. The Houses' legal counsel contacted Craft Auto to request the return of the vehicle and faxed Craft Auto notice of the bankruptcy filing. Adv. Dkt. No. 16-1 at 2. Craft Auto asserts that it "understood that the House's [sic] planned to abandon the vehicle because of its condition." Adv. Dkt. No. 28-1 at 1. On June 30, 2016, Craft Auto informed the Houses' counsel that it "would need ninety days proof of insurance and . . . wanted the repossession fee." Adv. Dkt.

---

[2] Because this was the Houses' second bankruptcy case pending within one year, they moved for an extension of the automatic stay under Section 362(c)(3)(B). Dkt. No. 7. This motion was granted as unopposed. Dkt. No. 21.

2

No. 28-1 at 1. On July 6, 2016, Craft Auto received confirmation that the Houses had obtained insurance for the vehicle. Adv. Dkt. No. 28-1 at 1.

According to the Houses, on July 7, 2016, their counsel again spoke with Craft Auto which advised them that it "would not release the Vehicle until [the Houses] paid the $350 repossession fee." Adv. Dkt. No. 16-1 at 3. Craft Auto responded that it has "no record of speaking with [the Houses] again until July 12. . . ." Adv. Dkt. No. 28-1 at 1. Further, the employee of Craft Auto, that counsel for the Houses declared he spoke with, declared that she "do[es] not have any recollection of speaking with [counsel for the Houses] on July 7, 2016, as stated in his declaration. . . ." Adv. Dkt. No. 28-1 at 1. Craft Auto asserts that as of July 12, 2016, it was "still waiting on an answer as to the abandonment of the vehicle." Adv. Dkt. No. 28-1 at 1.

On July 8, 2016, the Houses filed the instant adversary proceeding for turnover of the vehicle and for willful violation of the automatic stay under Section 362(k). Adv. Dkt. No. 1. The Court set a turnover hearing for July 21, 2016. Adv. Dkt. No. 2. At the hearing, the Court was informed that the vehicle had been turned over the previous day; neither Craft Auto, Craft, nor their counsel appeared at the hearing. *See* Adv. Dkt. No. 8.

On January 2, 2017, the Houses moved for partial summary judgment. Adv. Dkt. No. 16. Their motion seeks only summary judgment as to the liability of Craft Auto for willful violation of the automatic stay and does not seek a determination of damages or a judgment against Craft at this time. Adv. Dkt. No. 16 at 1 and n.1. On January 24, 2017, Craft Auto responded to the motion, and on the next day, it supplemented its response to include a declaration from its employee. Adv. Dkt. Nos. 26, 28. Trial in this case is set for February 21, 2017, with the pre-trial conference set for February 9, 2017. Adv. Dkt. No. 13.

III. Conclusions of Law

3

A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056 (applying Federal Rule of Civil Procedure 56 to adversary proceedings). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Once the moving party presents the . . . court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials. . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

B. Willful Violation of the Automatic Stay

"When a bankruptcy petition is filed, an automatic stay operates as a self-executing injunction. The stay prevents creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition debts." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008). "Congress has provided a debtor with a private right of action for any 'willful violation'" of the automatic stay. *In re Adams*, 516 B.R. 361, 368 (Bankr. S.D. Miss. 2014) (quoting *Campbell*, 545 F.3d at 355). The Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (2010). For a plaintiff to recover statutory damages,[3] "(1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 302 (5th Cir. 2005). Further, because "the automatic stay is essentially a court-ordered injunction, any creditor who violates the stay may be held in contempt of court." *In re Adams*, 516 B.R. at 369. "[A] bankruptcy court's power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105." *Placid Refining Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 613 (5th Cir. 1997).

---

[3] *In re Chesnut* discusses the elements of a violation of the automatic stay under Section 362(h), but this section "was re-codified into section 362(k) per the Bankruptcy Abuse Prevention Consumer Protection Act of 2005. . . ." *In re Repine*, 536 F.3d 512, 517 n.4 (5th Cir. 2008).

Craft Auto concedes it received notice of the filing of the bankruptcy petition, satisfying the first element. *See* Adv. Dkt. No. 28-1 at 1. As to the third element, Section 542 creates an affirmative duty for a creditor to return a debtor's personal property. *In re Velichko*, 473 B.R. 64, 67-68 (Bankr. S.D.N.Y. 2012); *Nissan Motor Acceptance Corp. v. Baker*, 239 B.R. 484, 489 (N.D. Tex. 1999) (holding same). Because Craft Auto kept the vehicle after the Houses filed for bankruptcy relief, it violated the automatic stay.

As to the second element, "[a] willful violation does not require a specific intent to violate the automatic stay. . . Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful'. . . ." *In re Chesnut*, 422 F.3d at 302 (internal quotation omitted). Courts, however, have recognized that a good faith negotiation for return of a vehicle postpetition is not a willful violation of the automatic stay. *See, e.g., In re Zaber*, 223 B.R. 102, 107 (Bankr. N.D. Tex. 1998) (finding willful violation of stay occurred when negotiations broke down one week after petition was filed). The Court finds that significant questions of material fact remain regarding what negotiations took place between the Houses and Craft Auto and when and if those negotiations broke down. Therefore, the motion for partial summary judgment will be denied so that the Court may receive a full presentation of evidence and testimony at trial. *See Osherow v. Porras (In re Porras)*, 312 B.R. 81, 137 (Bankr. W.D. Tex. 2004) (finding that court "should have the opportunity to assess, first-hand at trial, the totality of the evidence (including the credibility of all witnesses who testify before it) on [a] fact-intensive issue").

### IV. Conclusion

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment (Adv. Dkt. No. 16) is DENIED.

*##END OF ORDER##*